UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| YAJAIRA CORBEILLE | CIVIL ACTION |
| VERSUS | CASE NO. 22-3274 |
| JCC FULTON DEVELOPMENT, LLC | SECTION: "G"(2) |

### ORDER AND REASONS

Before the Court is Defendant JCC Fulton Development, LLC's ("Defendant") Motion for Summary Judgment.[1] Defendant asserts that summary judgment is appropriate because Plaintiff Yajaira Corbeille ("Plaintiff") cannot prove an essential element to her premises liability claim, namely, that Defendant had actual or constructive knowledge of the underlying condition which Plaintiff alleges caused her injuries.[2] Plaintiff opposes the motion submitting that Defendant's upkeep of the hotel fell below hotel standards.[3] In further support of the motion, Defendant argues that the hotel employees acted reasonably and appropriately.[4] For the reasons discussed in more detail below, the Court finds that questions of material fact remain in dispute. Accordingly, having considered the motion, the memoranda in support and in opposition, the reply, the record, and the applicable law, the Court denies the motion.

---

[1] Rec. Doc. 46.

[2] Rec. Doc. 46-1 at 1.

[3] Rec. Doc. 48.

[4] Rec. Doc. 57.

## I. Background

Plaintiff alleges that on March 2, 2021, she was injured after slipping and falling due to water on the floor of the bathroom within her hotel room, Room 2212, owned by Defendant.[5] Plaintiff alleges that the water on the floor of the bathroom was a result of a leak in the bathroom plumbing.[6] Plaintiff alleges that she suffered severe physical and mental injuries as a result of the incident.[7]

On February 21, 2022, Plaintiff filed suit in the Civil District Court for the Parish of Orleans.[8] On September 14, 2022, Defendant removed the case to this Court.[9] On September 5, 2023, Defendant filed the instant Motion for Summary Judgment.[10] On September 11, 2023, Plaintiff filed an Opposition to the Motion for Summary Judgment.[11] On September 20, 2023, with leave of Court, Defendant filed a Reply Memorandum in further support of the motion.[12]

## II. Parties' Arguments

### A.   *Defendant's Argument in Support of Motion for Summary Judgment*

Defendant argues that summary judgment is appropriate because Plaintiff cannot prove an essential element of her premises liability claim, namely, that Defendant had actual or constructive

---

[5] Rec. Doc. 1-1 at 6.

[6] *Id.*

[7] *Id.* at 7.

[8] Rec. Doc. 1-1.

[9] Rec. Doc. 1.

[10] Rec. Doc. 46.

[11] Rec. Doc. 48.

[12] Rec. Doc. 57.

knowledge of the toilet leak in the hotel room.[13] Defendant submits that the bathroom at issue was inspected by a plumber five days before the alleged incident, on February 25, 2021, and the toilet was not leaking.[14] Defendant contends that the hotel room was occupied the entire week leading up to Plaintiff's stay with no other work orders generated in connection to a plumbing issue.[15] Defendant avers that the undisputed facts confirm that Plaintiff and her husband occupied the hotel room for nearly two days before the alleged incident and did not make any complaints with hotel staff.[16]

Defendant avers that the hotel's housekeeping coordinator testified that the guest room attendants clean the rooms, including bathrooms, which are then inspected by their supervisors before being released for occupancy.[17] Defendant submits that there were not any plumbing issues identified in Room 2212 aside from the work performed on February 25, 2021, and the work performed on March 2, 2021.[18] Defendant contends that discovery is closed and Plaintiff will not be able to meet her burden at trial.[19]

B.  ***Plaintiff's Argument in Opposition of the Motion for Summary Judgment***

In opposition, Plaintiff submits that a plumber, James Darce, inspected the bathroom after the accident on March 2, 2021, discovered that the toilet tank was loose and tightened the tank.[20]

---

[13] Rec. Doc. 46-1 at 1.

[14] *Id.* at 7.

[15] *Id.*

[16] *Id.*

[17] *Id.* at 8.

[18] *Id.*

[19] *Id.* at 14.

[20] Rec. Doc. 48 at 2.

Plaintiff contends that the hotel is supposed to perform annual preventive maintenance checks on the plumbing appliances in guest rooms, including checks for loose toilet tanks.[21] Plaintiff avers that on February 24, 2021, just four days before Plaintiff checked into Room 2212, Carl Franklin entered a work order for a leaking toilet tank in Room 2212.[22] Plaintiff asserts that a plumber, Nicholas Dykes, went into Room 2212 on February 25, 2021, and noted on the work order that the toilet was not actually leaking, but rather the sink SJ joint needed to be changed.[23] Plaintiff points out that Mr. Dykes testified that a loose toilet tank may not result in a leak each and every time the toilet is used.[24] Plaintiff submits that this testimony alone serves to defeat Defendant's motion for summary judgment because Plaintiff was in the room from February 28, 2023, until 7:00 A.M. on March 2, 2021, when the accident occurred, without a water leak.[25]

Plaintiff asserts that Mr. Darce testified that preventative maintenance in hotel rooms could take fifteen minutes to two hours.[26] Plaintiff avers that records show that preventive maintenance was done in less time in recent years.[27] Plaintiff submits that Mr. Darce testified that there were no checklists for preventive maintenance, contrary to Mr. Dykes' testimony.[28] Plaintiff states that Mr. Darce testified that it was rare for a sink plumbing problem to cause water to leave the sink

---

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.* at 3.

[25] *Id.*

[26] *Id.* at 4.

[27] *Id.* at 12.

[28] *Id.* at 4.

and puddle the floor.[29] Plaintiff argues that the testimony and lack of any documents to support the investigation performed by Mr. Dykes could support a finding that Mr. Dykes' opinion that the toilet was not leaking on February 25, 2021 was not credible.[30]

Plaintiff asserts that documents reveal that plumbing preventative maintenance was not performed annually for Room 2212, which Plaintiff asserts also creates a genuine issue of material fact as to whether Defendant should have known of the risk of plumbing issues.[31]

C.       *Defendant's Argument in Further Support of the Motion for Summary Judgment*

Defendant reargues that Plaintiff and her husband occupied the hotel room for two full days before the alleged incident and did not report any issues with the bathroom or toilet.[32] Defendant contends that the inconsistencies in the hotel's preventative maintenance are irrelevant to the issue of notice.[33] Defendant avers that based on Mr. Dykes' work order on February 25, 2021, stating "It was not leaking in toilet. But in sink. Replaced SJ nut," it is logical to conclude that Mr. Dykes checked the toilet.[34] Defendant points out that Mr. Dykes testified that it is his usual procedure to check all plumbing fixtures when he inspects a guestroom.[35] Thus, Defendant moves for the Court to grant summary judgment.[36]

---

[29] *Id.* at 5.

[30] *Id.*

[31] *Id.* at 8.

[32] Rec. Doc. 57.

[33] *Id.* at 3.

[34] *Id.* at 3.

[35] *Id.* at 4.

[36] *Id.* at 8.

### III. Legal Standard

Summary judgment is appropriate when the pleadings, discovery, and affidavits demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[37] To decide whether a genuine dispute as to any material fact exists, the court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[38] All reasonable inferences are drawn in favor of the nonmoving party.[39] Yet "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[40] If the entire record "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and, consequently, the moving party is entitled to judgment as a matter of law.[41] The nonmoving party may not rest upon the pleadings.[42] Instead, the nonmoving party must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[43]

The party seeking summary judgment always bears the initial responsibility of showing the basis for its motion and identifying record evidence that demonstrates the absence of a genuine

---

[37] Fed. R. Civ. P. 56(a); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[38] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citing *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000)).

[39] *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Reeves*, 530 U.S. at 150).

[40] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[41] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cites Serv. Co.,* 391 U.S. 253, 289 (1968)).

[42] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[43] *See id.*; *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

issue of material fact.[44] "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[45] If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to "identify specific evidence in the record, and to articulate" precisely how that evidence supports the nonmoving party's claims.[46] The nonmoving party must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[47]

The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[48] Moreover, the nonmoving party may not rest upon mere allegations or denials in its pleadings.[49]

## IV. Analysis

Under Louisiana law, a person who owns or controls a building is liable for harm caused by its defect, but only when the plaintiff can prove the following elements: (1) ownership or control of the building, (2) the owner knew or, in the exercise of reasonable care, should have known of

---

[44] *Celotex Corp.*, 477 U.S. at 323.

[45] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (internal citation omitted).

[46] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[47] *Morris*, 144 F.3d at 380; *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

[48] *Little*, 37 F.3d at 1075 (internal citations and quotation marks omitted).

[49] *Morris*, 144 F.3d at 380.

the ruin or defect, (3) the damage could have been prevented by the exercise of reasonable care, (4) the defendant failed to exercise such reasonable care, and (5) causation.[50] If plaintiff fails to prove any one element of cause of action in a negligence or premises liability action by preponderance of evidence, defendant is not liable.[51] A plaintiff alleging damages under Louisiana Civil Code article 2322 must show the owner knew, or in the exercise of reasonable care, should have known of the ruin or defect. Constructive knowledge imposes a reasonable duty on the owner of the building to discover apparent defects under the owner's garde.[52] Constructive knowledge of a vice, ruin or defect may exist if the conditions that caused the injury existed for such a period of time that those responsible, by the exercise of ordinary care and diligence, must have known of their existence in general and could have guarded the public from injury.[53]

Defendant argues that summary judgment is appropriate since Plaintiff cannot prove that Defendant had actual or constructive notice of the water leak, considering Plaintiff occupied the hotel room for two days before reporting the leak.[54] In opposition, Plaintiff points to certain hotel practices that falls below the hotel standard and submits certain deposition testimony that may suggest that the water leak was due to a loose toilet tank.[55]

---

[50] *Broussard v. State ex rel. Office of State Bldgs.*, 2012-1238 (La. 4/5/13); 113 So. 3d 175, 182–; *see also* LA. CIV. CODE arts. 2317.1, 2322.

[51] *Lambert v. Zurich American Insurance Company*, 55,064 (La. App. 2 Cir. 6/28/23); 366 So. 3d 1285, 1291.

[52] *Dufrene v. Gautreau Family LLC*, 07-467 (La. App. 5 Cir. 2/22/08); 980 So. 2d 68, 80; *Meaux v. Wendy's Intern., Inc.*, 10-111 (La. App. 5 Cir. 10/26/10), 51 So. 3d 778, 788.

[53] *Casborn v. Jefferson Hosp. Dist. No. 1*, 11-1020 (La. App. 5 Cir. 5/22/12); 96 So. 3d 540, 543); *Charan v. Bowman*, 06-0882 (La. App. 1 Cir. 8/1/07), 965 So. 2d 466.

[54] Rec. Doc. 46.

[55] *Id.*

The undisputed evidence in the record shows that on February 25, 2021, plumber Nicholas Dykes responded to a work order for Room 2212 classified as "Guest room, guest bathroom, toilet."[56] Dykes's notes from the work order state, "It was not leaking in toilet. But in sink. Replaced sj nut."[57] During his deposition, Dykes testified that he could not recall performing this repair, and he could not recall how he determined that the sink was leaking rather than the toilet.[58]

James Darce, the plumber who responded after Plaintiff's accident on March 2, 2021, repaired a lose toilet tank.[59] Five days earlier, in response to a work order regarding an issue with the toilet, Dykes only replaced a sj nut in the sink. Dykes acknowledged that a lose toilet tank may not result in a leak every time that a toilet is used.[60] The issue of whether Dykes could have discovered the lose toilet tank on February 25, 2021 is a question of fact for the jury. A reasonable jury could conclude that Dykes should have performed additional inspections of the toilet to determine whether further repairs were needed. Therefore, summary judgment must be denied because genuine questions of material fact remain in dispute regarding whether Defendant had constructive notice of the condition.

## V. Conclusion

As there are genuine questions of material fact in dispute as to whether Defendant had constructive notice of the condition that led to Plaintiff's accident, which is one theory of recovery

---

[56] Rec. Doc. 46-2 at 2; Rec. Doc. 48-1 at 2.

[57] Rec. Doc. 46-2 at 2; Rec. Doc. 48-1 at 2.

[58] Rec. Doc. 48-3 at 18.

[59] Rec, Doc, 46-2 at 2.

[60] Rec. Doc. 48-3 at 19.

available under Louisiana's premises liability statute, the Court denies Defendant's motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's "Motion for Summary Judgment"[61] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this <u>2nd</u> day of October, 2023.

                                                  **NANNETTE JOLIVETTE BROWN**
                                                  **CHIEF JUDGE**
                                                  **UNITED STATES DISTRICT COURT**

---

[61] Rec. Doc. 46.