UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| YAJAIRA CORBEILLE | * | CIVIL ACTION |
| VERSUS | * | NO. 22-3274 |
| HARRAH'S NEW ORLEANS, LLC, ET AL. | * | SECTION "G" (2) |

**ORDER AND REASONS**

Pending before is Plaintiff Yajaira Corbeille's Motion to Quash Perpetuation Deposition of Dr. Vargas.  ECF No. 77.  Defendants timely filed an Opposition Memorandum.  ECF No. 82.  No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, the Motion to Quash is GRANTED for the reasons stated herein.

I.  **BACKGROUND**

Plaintiff filed this personal injury after she allegedly slipped and fell in room 2212 at Harrah's Hotel.  ECF No. 1-1 at 5-9.  The Court issued a Scheduling Order setting trial for November 13, 2023.  ECF No. 10.  That Order also states: "Depositions for trial use shall be taken and all discovery shall be completed no later than. **September 1, 2023**."  *Id.* at 4 (emphasis in original).

On October 9, 2023, Defendant issued a Notice of Video Trial Perpetuation Deposition of Dr. Vargas," scheduling same for October 24, 2023.  ECF No. 77-2, No. 77-3.  Plaintiff seeks to preclude the deposition because Dr. Vargas was not listed as a witness, the deposition unilaterally scheduled, and the deposition is irrelevant and unlikely to lead to the production of admissible evidence.  In Opposition, Defendant argues that Plaintiff's motion constitutes another attempt to

prevent the jury from evaluating her pre-incident medical conditions and post-incident treatment with Dr. Vargas. ECF No. 82. Defendant further asserts that good cause exists under Rule 16(b)(4) for the trial testimony of Dr. Vargas given its probative value to the case and relevance to Plaintiff's credibility and medical causation. *Id*. at 2. Given its identification of "all healthcare providers who examined plaintiff" on its witness list, Defendant avers that Plaintiff prioritizes form over substance and fails to establish prejudice. *Id*. at 3-4; 6-7.

## II. APPLICABLE LAW AND ANALYSIS

While it is generally discourteous and perhaps unprofessional to unilaterally set a deposition without any effort to secure a mutually agreeable date,[1] more problematic is that the deadline for depositions for trial use expired on September 1, 2023. ECF No. 10 at 4.

When a party seeks a deposition beyond the authorized time, that party must establish good cause to modify the deadlines in the Scheduling Order under Rule 16(b).[2] Good cause requires a showing that the relevant scheduling order deadline cannot reasonably be met despite the diligence of the party needing the extension.[3] In determining whether a party has provided good cause to extend a deadline, courts examine several factors: "(1) the explanation for the untimely conduct; (2) the importance of the requested untimely action; (3) potential prejudice in allowing the untimely conduct; and (4) the availability of a continuance to cure such prejudice."[4] Additionally,

---

[1] *See B.K. by and through K.K. v. St. Catherine of Siena School*, No. 21-1339, 2022 WL 3027838, at *3 (E.D. La. Aug. 1, 2022); *see also Sullivan v. Siemens Generation Servs. Co*., No. 21-479, 2022 WL 2761136, at *2 (M.D. La. July 14, 2022) (rejecting invitation to encourage parties to unilaterally set deposition because confirming availability is both a common courtesy and a common practice in litigation).

[2] *See Parkcrest Builders, LLC v. Hous. Auth. of New Orleans*, No. 15-1533, 2017 WL 4156499, at *2 (E.D. La. Sep. 19, 2017) (analyzing motion to compel under good cause standard for changing deadline in a scheduling order under Rule 16(b)).

[3] *In re Pool Prods. Distrib. Mkt. Antitrust Litig*., No. MDL 2328, 2014 WL 1154334, at *3 (citing *S&W Enters., L.L.C. v. South Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed.1990))); *see also Fucich Contracting, Inc. v. Shread-Kuyrkendall & Assocs., Inc*., No. 18-2885, 2021 WL 6196978, at *2 (E.D. La. Dec. 30, 2021) (Ashe, J.) (citing *Garza v. Webb Cty*., 296 F.R.D. 511, 513 (S.D. Tex. 2014) (citing *S&W Enters., L.L.C.*, 315 F.3d at 535)).

[4] *Huey v. Super Fresh/Sav-A-Center, Inc.*, No. 07-1169, 2008 WL 2633767, at *1 (E.D. La. June 25, 2008) (citing *S&W Enters., LLC*, 315 F.3d at 535 (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir.

courts consider (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the need for the deposition, (3) whether the deadline has been extended, (4) whether dispositive motions have been scheduled or filed, (5) the age of the case, and (6) disruption of the court's schedule.[5] The Fifth Circuit reviews the trial court's decision to grant or deny a motion to modify a discovery schedule for abuse of discretion.[6]

In order to proceed with the noticed deposition at this time, Defendants should have obtained relief from the Court's Scheduling Order, in accordance with Rule 16(b) of the Federal Rules of Civil Procedure. Absent a modification of the Scheduling Order, the noticed deposition is improper and must be quashed. For that reason, the court need not address whether the failure to identify Dr. Vargas by name on Defendants' witness list also requires that the deposition be quashed, or any other argument raised by movant.

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Quash Perpetuation Deposition of Dr. Vargas is GRANTED.

New Orleans, Louisiana, this 18th day of October, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

1997) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)))); *accord Leza v. City of Laredo*, 496 F. App'x 375, 376 (5th Cir. 2012); *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007) (citations omitted). The Fifth Circuit has suggested that the *Geiserman* test is the appropriate analysis where a party seeks to re-open discovery after the deadline has passed. *Colonial Freight Sys., Inc. v. Adams & Reese, L.L.P.*, 524 F. App'x 142, 145 (5th Cir. 2013); *see also Pool Prod. Distrib. Mkt. Antitrust Litig.*, 2014 WL 1154334, at *3. ("The Fifth Circuit has used [the *Geiserman* test] to determine whether good cause exists . . . [for] a failure to produce discovery to the opposing party in accordance with a court-imposed deadline . . . The Fifth Circuit has suggested that the *Geiserman* test is also the appropriate method of analysis where, as here, a party seeks to re-open discovery after the deadline has passed.") (citing *Colonial Freight Sys., Inc.*, 524 F. App'x at 145).
[5] *See Days Inn. Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 398 (N.D. Tex. 2006) (citing cases).
[6] *Million v. Exxon Mobil Corp.*, 837 F. App'x 263, 266 (5th Cir. 2020) (citing *Reliance Ins. Co.*, 110 F.3d at 257).

3